**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD MELENDEZ; JULI MELENDEZ,<br><br>                Plaintiffs,<br><br>    v.<br><br>COSETIA GROUP, INC.; CHASE HOME FINANCE, LLC; JPM MORGAN CHASE BANK, N.A.; NORTHWEST TRUST SERVICES; MORTGAGE ELECTRONIC REGISTRATION, INC.; DOES 1–10,<br><br>                Defendants. | Case No. 2:13-cv-08761-ODW(ASx)<br><br>**ORDER TO SHOW CAUSE RE. LACK OF SUBJECT-MATTER JURISDICTION** |

      On November 26, 2013, Plaintiffs Edward and Juli Melendez filed this action against several home-mortgage-related defendants, ostensibly invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. But Plaintiffs' citizenship allegations fall short of establishing complete diversity among the parties. The Court therefore **ORDERS** Plaintiffs **TO SHOW CAUSE** why this case should not be dismissed for lack of subject-matter jurisdiction.

      Federal courts are courts of limited jurisdiction, only have jurisdiction over matters prescribed by Article III of the United States Constitution and regulations adopted by Congress. U.S. Const., art. III, § 2, cl 1. A plaintiff may premise federal jurisdiction on either a federal question—that is, a suit arising under the Constitution,

laws, or treaties of the United States—or diversity of citizenship.  28 U.S.C. §§ 1331, 1332.  For diversity jurisdiction, there must be complete diversity among adverse parties, and the amount and controversy much exceed the sum or value of $75,000, usually exclusive of interest and costs.  *Id.* § 1332(a).

A corporation is a citizen of its state of incorporation and the state in which it has its principal place of business.  *Id.* § 1332(c)(1).  A limited-liability company, or LLC, is a citizen of every state in which its members (owners) are citizens.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  A national banking association, as that term is used in § 1348, is a citizen of the state where the bank is "located," i.e., the state designated in the bank's articles of association as its main office.  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

Plaintiffs do not allege any federal question, so 28 U.S.C. § 1331 does not provide a basis for this Court's subject-matter jurisdiction.

Plaintiffs have only alleged that they "reside" in Diamond Bar, California.  (Compl. ¶ 6.)  They have not affirmatively alleged whether they are California citizens.  While a person's domicile is prima facie evidence of her citizenship, *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1096, 1102 (D. Or. 2012), Plaintiffs should clarify their citizenship to bolster this Court's findings regarding subject-matter jurisdiction.

The real problem with Plaintiffs' Complaint is that they did not allege the citizenship of all Defendants.  Plaintiffs do allege that Chase Home Finance, LLC is "a wholly-owned subsidiary of JPMorgan Chase Bank, N.A.," which may suffice to demonstrate that JPMorgan Chase Bank is Chase Home Finance's sole member.  (*See* Compl. ¶ 9.)  But Plaintiffs do not allege the citizenship of Cosetia Group, Inc., Northwest Trust Services, or Mortgage Electronic Registration, Inc.

This Court has an affirmative obligation to ensure that it only acts within its delimited jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The

Court accordingly **ORDERS** Plaintiffs **TO SHOW CAUSE** by **Monday, December 30, 2013**, why this action should not be dismissed for lack of subject-matter jurisdiction. No hearing will be held. The Court will discharge this Order upon filing of either a written response demonstrating this Court's jurisdiction or a competent amended complaint affirmatively alleging each party's citizenship. Failure to timely respond to this Order will result in dismissal of the action for lack of prosecution.

The Court is mindful that Plaintiffs are proceeding pro se, so it will afford them due consideration in their response to this Order. The Court will entertain engaging in limited jurisdictional discovery, such as a simple written interrogatory, if that becomes necessary.

The Court also advises Plaintiffs that a Federal Pro Se Clinic is located in the United States Courthouse at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012. The clinic is open for appointments on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and 2:00 p.m. to 4:00 p.m. The Federal Pro Se Clinic offers free, onsite information and guidance to individuals who are representing themselves in federal civil actions. For more information, Plaintiffs may visit http://www.cacd.uscourts.gov/ and follow the link for "Pro Se Clinic – Los Angeles" or contact Public Counsel at 213-385-2977, extension 270.

**IT IS SO ORDERED.**

December 5, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**